```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

ROBERT S. YOUNG                                                PLAINTIFF

    v.                              Case No. 13-5060

MARK E. BROADDUS and
CHUHAK & TECSON, P.C.                                         DEFENDANTS

### ORDER

    On the 1st day of October, 2013, the above referenced matter came before the Court for a telephone conference call concerning defendants' **Motion to Dismiss (doc. #12)** and **Plaintiff's Motion for Enlargment of Time to Disclose Liability Expert (doc. #14).** Based on the pleadings and the arguments of counsel, the Court found and ordered as follows:

    1.  The complaint herein, seeking damages for alleged legal malpractice, was originally filed in the Circuit Court of Washington County, Arkansas on March 4, 2013. The matter was removed to this Court on March 19, 2013 on the basis of diversity jurisdiction.

    2.  The Court's Final Scheduling Order was entered on April 25, 2013 scheduling this matter for a jury trial on March 24, 2014. In accordance to the Final Scheduling Order, discovery must be complete no later than November 25, 2013; and, initial expert witness disclosures were to be made no later than 90 days before the close of discovery – or August 27, 2013.

3.     In the instant motion to dismiss, defendants state that this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because the plaintiff has failed to comply with Rule 26(a)(2) which requires a timely and proper disclose of any expert witness.

Defendants further argue that because the deadline for disclosure of experts has passed, plaintiff cannot now retain an expert to testify concerning the issues of liability and standard of care presented in plaintiff's complaint.  Defendants further argue that expert testimony is necessary under Arkansas law to present a *prima facie* case of negligence in connection with legal malpractice.

4.     Defendants point to the history of this matter:  the plaintiff previously filed a lawsuit based upon the same facts and circumstances against the same two named defendants on September 23, 2010.   On October 5, 2011, this Court entered a Final Scheduling Order establishing January 13, 2012 as the Expert Disclosure cutoff deadline.   Defendants timely disclosed a liability expert prior to the expiration of the January 13, 2012 deadline; but, the plaintiff failed to make a timely disclosure. The matter was voluntarily dismissed by the plaintiff on March 7, 2012.  As set forth above, the instant matter was re-filed nearly one year later, on March 4, 2013.

5.     Following the filing of defendants' motion to dismiss, the plaintiff filed a motion to enlarge the his time to disclose a

2

liability expert. In the motion, plaintiff seeks a "modest enlargement of time" for expert disclosure and notes that the defendants did not take the plaintiff's deposition until August 29, 2013; and, the plaintiff's deposition was not received until late in the afternoon on September 13, 2013. Plaintiff argues that "an expert opinion regarding all elements of the plaintiff's claims (duty, breach, causation, damages) would not have been feasible in the absence of the plaintiff's sworn testimony given the complex issues involved. Now that his testimony is available, the appropriate expert report(s) can be provided in short order."

6. Plaintiff has also responded to the motion to dismiss. In the response, plaintiff argues that the motion is premature because discovery is on-going; dismissal is not appropriate procedurally; and, dismissal would be unjust and unduly harsh due to the lack of prejudice.

7. As set forth above, the defendants argue that, without a belated enlargement of time within which the plaintiff can name an expert[1] the Court can exclude any expert testimony on the plaintiff's behalf and dismiss plaintiff's claim under Rule 41(b) of the Federal Rules of Civil Procedure because expert testimony is necessary to prevail on a claim of malpractice. Barnes v. Everett, 95 S.W.3d 740 (2003).

---

[1] The defendants have not responded to plaintiff's motion for an enlargement of time. However, the plaintiff's motion notes that the defendants object to any such enlargement of time.

The Court agrees.  While the plaintiff argues that an expert opinion would not have been feasible in the absence of plaintiff's deposition testimony, the Court finds that excuse illogical.  Considering the history of a previous filing and voluntary dismissal of this matter for identical reasons, the Court finds that a belated extension of time within which to name an expert should not be given, and finds that this case should, therefore, be dismissed.

The Court, therefore, finds and orders that the defendants' **Motion to Dismiss (doc. #12)** should be and hereby is **granted.**

**IT IS SO ORDERED** this 2nd day of October, 2013.

> /s/ Jimm Larry Hendren
> JIMM LARRY HENDREN
> UNITED STATES DISTRICT JUDGE